ANTAL ET AL., APPELLANTS, *v.* OLDE WORLDE
PRODUCTS, INC. ET AL., APPELLEES.

[Cite as Antal *v.* Olde Worlde Products, Inc. (1984),
9 Ohio St. 3d 144.]

(No. 83-316—Decided February 8, 1984.)

*Clayman & Jaffy Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. Walter Kauf-mann,* for appellants.

*Messrs. Brownfield, Bowen, & Bally, Mr. Lyman Brownfield, Mr. Alex Shumate* and *Mr. Joseph R. Karpowicz,* for appellees.

CELEBREZZE, C.J. The issue before the court today is whether a trial court, when granting a motion for a new trial where it is argued that the verdict is not sustained by the weight of the evidence, must articulate the basis for the determination that the verdict is not sustained by the weight of the evidence.

Civ. R. 59(A) provides in part:

"A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"* * *

"(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

"* * *

"When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."

We must determine whether Civ. R. 59 mandates that a trial court simply set forth the ground upon which the new trial is being granted or whether the basis for granting the new trial must be specifically stated. For the following reasons, we hold the latter to be the proper construction.

In *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82 [52 O.O.2d 376], this court held at paragraph one of the syllabus:

"Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court."[1]

See, also, *Jenkins* v. *Krieger* (1981), 67 Ohio St. 2d 314, 320 [21 O.O.3d 198].

This is the standard which governs appellate review of a trial court's decision to grant a motion for a new trial where it is contended that the verdict is not sustained by the weight of the evidence. However, appellants argue that meaningful appellate review is impossible where the trial court

---

[1] In *Rohde, supra,* as well as in subsequent cases, it appears that the issue raised by the instant appeal was not raised. As such, the fact that in *Rohde* the trial court's order is similar to the order involved in the case at bar has no bearing on the continued vitality of the standards set forth in the syllabus of *Rohde.*

grants a new trial and fails to specify the reasons beyond a conclusory statement that the verdict is not sustained by the weight of the evidence. We agree. It was stated in *Wackenhut Corp.* v. *Canty* (Fla. 1978), 359 So. 2d 430, 434-435, that:

"Certainly a trial court is in a better position than an appellate court to pass on the ultimate correctness of a jury's verdict. * * * [B]ut superior vantage point does not give a trial judge unbridled discretion to order a new trial. Consequently, to facilitate intelligent appellate review of such orders the reasons which produced the need for the new trial must be set forth in the order. * * *

"* * *

"* * * Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused."

Accord *St. Regis Paper Co.* v. *Watson* (Fla. 1983), 428 So. 2d 243, 247.

In *Krolikowski* v. *Chicago & Northwestern Transp. Co.* (1979), 89 Wis. 2d 573, 278 N.W. 2d 865, the court stated at page 580:

"The order granting a new trial in the interest of justice must contain the reasons and bases for the general statement contained therein that the verdict is against the great weight and clear preponderance of the evidence. Review by this court is ordinarily limited to the reasons specified in the trial court's order."

See, also, *Rossi* v. *Hall* (R.I. 1981), 430 A. 2d 1072; *Duffek* v. *Vanderhei* (1980), 81 Ill. App. 3d 1078, 401 N.E. 2d 1145; *Clemmer* v. *Hartford Ins. Co.* (1979), 22 Cal. 3d 865, 151 Cal. Rptr. 285, 587 P. 2d 1098; *Carrino* v. *Novotny* (1979), 78 N.J. 355, 396 A. 2d 561; *Reeves* v. *Markle* (1978), 119 Ariz. 159, 579 P. 2d 1382; *Baxter* v. *Fairmont Food Co.* (1977), 74 N.J. 588, 379 A. 2d 225; *Mettee* v. *Urban Renewal Agency* (1976), 219 Kan. 165, 547 P. 2d 356; *Hilliard* v. *Anderson* (1970), 440 Pa. 625, 271 A. 2d 227; *Dolson* v. *Anastasia* (1969), 55 N.J. 2, 258 A. 2d 706; *Olpinski* v. *Clement* (1968), 73 Wash. 2d 944, 442 P. 2d 260. Cf. *Hoge* v. *Hoge* (N.D. 1979), 281 N.W. 2d 557.

We find the logic of these cases compelling. Were a trial court to be permitted the freedom to disregard a jury's verdict by simply invoking the apothegm that the verdict "is not sustained by the weight of the evidence," the jury trial itself could become a futile prelude. Furthermore, without some articulated basis for granting a new trial, the trial court's decision is virtually insulated from meaningful appellate review. As previously stated, an appellate tribunal will not reverse the trial court's ruling absent an abuse of discretion. However, when the trial court offers no reasons for its decision, the court of appeals practically must defer to the trial court's conclusion that the verdict was against the weight of the evidence. We noted in *Jenkins* v. *Krieger, supra,* at 320, that "* * * [t]he predicate for that rule springs, in part, from the principle that the discretion of the trial judge in granting a new trial may be supported by his having determined from the surrounding circumstances and atmosphere of the trial that the jury's verdict resulted in

manifest injustice." Given the recognized importance of the trial court's input when reviewing whether a verdict is supported by the evidence,[2] we feel it is all the more crucial to require that the trial court so state the basis for its decision. The court in *Krolikowski* v. *Chicago & Northwestern Transp. Co., supra,* stated the proposition as follows at page 581:

"No abuse of the trial court's discretion will be found if the trial court sets forth a reasonable basis for its determination that one or more material answers in the verdict are against the * * * weight * * * of the evidence."

The question remains as to how specific must a trial court be when granting a new trial on the ground that the verdict is against the weight of the evidence. The record of the case at bar reveals that the trial court articulated no reasons whatsoever, other than stating generally that the jury's verdict was not "sustained by the weight of the evidence." While the determination of whether a trial court's statement of reasons is sufficient should be left to a case-by-case analysis, we can say with a reasonable degree of certainty that such reasons will be deemed insufficient if simply couched in the form of conclusions or statements of ultimate fact. *Clemmer* v. *Hartford Ins. Co., supra,* at 888.

Consequently, we hold that, when granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court to reconsider appellees' motion for a new trial consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[2] "* * * [I]n ruling on a motion for new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence,' the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence." *Rohde, supra,* at paragraph three of the syllabus.