**Johnson**
v.
**University Hospitals
of Cleveland**
*[Cite as 4 AOA 313]*

*Case No. 57100*
*Cuyahoga County, (8th)*
*Decided June 21, 1990*

*Nancy Gervinski, Esq., One Public Square, No. 300, Cleveland, OH 44113, James L. Mayfield, Esq., Industrial Commission of Ohio, 65 East State Street, Suite 708, Columbus, OH 43266, for Plaintiff-Appellee.*

*Louis J. Licata, Esq., Elizabeth A. Crosby, Esq., Courthouse Square Building, Suite 750, 310 Lakeside Avenue West, Cleveland, OH 44113, for Defendants-Appellants, University Hospital, et al.*

MATIA, J.

Appellant-employer, University Hospitals of Cleveland, appeals from the judgment of the trial court which granted the appellees-employee's, Rosetta Johnson, motion for new trial.

### I. THE FACTS
#### A. THE APPELLEE'S WORK-RELATED INJURY

On September 15, 1984, the appellee was employed by the appellant as a respiratory therapist. As part of her duties, the appellee was required to physically move patients from one bed to another. During the transfer of a patient from one bed to another bed, the appellee allegedly injured her left shoulder, arm, neck, and low back.

#### B. THE APPELLEE'S CLAIM FOR WORKERS' COMPENSATION BENEFITS

As a result of these injuries, the appellee filed an application for compensation benefits with the Bureau of Workers' Compensation. On February 1, 1985, the Bureau of Workers' Compensation found that the appellee had sustained injuries arising out of the course of her employment and that the appellee be awarded temporary total compensation from September 16, 1984 to June 14, 1985.

#### C. THE APPELLANT'S SUCCESSIVE APPEALS

The appellant filed two successive appeals to the Regional Board of Review and the Industrial Commission of Ohio from the award of temporary total compensation. Both of these appeals from

the Board of Review and the Industrial Commission of Ohio were overruled thus affirming the award of compensation benefits to the appellee.

On January 2, 1986, the appellant filed a notice of appeal, from the award of compensation benefits to the appellee, in the Cuyahoga County Court of Common Pleas.

### D. THE JURY TRIAL

On May 12, 1988, a jury trial was commenced with the regard to whether the appellee was entitled to receive benefits from the Workers' Compensation Program for injuries allegedly sustained while employed as a respiratory therapist by the appellant.

On May 17, 1988, the jury returned a verdict which found that the appellee was *not* entitled to participate in the Workers' Compensation Program and was not entitled to receive benefits.

### E. THE APPELLEE'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT/NEW TRIAL

On May 31, 1988, the appellee filed a motion for judgment notwithstanding the verdict and/or for new trial. The motion for new trial was premised upon the argument that the jury's verdict was not sustained by the weight of the evidence.

On December 22, 1988, the trial court granted the appellee's motion for new trial on the basis that the jury's verdict was not sustained by the weight of the evidence. The trial court ordered the scheduling of a new trial.

### F. THE APPELLANT'S TIMELY APPEAL

Thereafter, the appellant timely brought the instant appeal from the trial court's judgment which granted the appellee's motion for new trial.

### II. THE APPELLANT'S FIRST AND SECOND ASSIGNMENTS OF ERROR

Having a common basis in law and fact, the appellant's two assignments of error shall be considered simultaneously.

The appellant's first assignment of error is that:

"THE TRIAL COURT ABUSED ITS DISCRETION (SIC) IN GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL BASED UPON WEIGHT OF THE EVIDENCE WHEN THE EVIDENCE WAS NOT OVERWHELMINGLY IN FAVOR OF THE PLAINTIFF AND IN FACT FULLY SUPPORTED THE DEFENSE VERDICT."

The appellant's second assignment of error is that:

"THE TRIAL COURT ERRED IN GRANTING A NEW TRIAL BY NOT SPECIFYING, IN WRITING, THE GOUNDS (SIC) FOR THE GRANTING OF THE MOTION FOR NEW TRIAL AS REQUIRED BY OHIO RULE OF CIVIL PROCEDURE 59(A)."

### A. ISSUE RAISED: TRIAL COURT ABUSED ITS DISCRETION IN GRANTING A NEW TRIAL

The appellant, through its two assignments of error, argues that the trial court abused its discretion in granting the appellee's motion for new trial. Specifically, the appellant argues that the trial court abused its discretion in granting a new trial by failing to set forth the grounds upon which the motion for new trial was granted as mandated by Civ. R. 59(A).

These assignments of error are well taken.

### B. THE TRIAL COURT'S JOURNAL ENTRY

The trial court's journal entry, which granted the appellee's motion for new trial, provided that:

"Defendant/appellee Rosetta Johnson's motion for judgment notwithstanding the verdict and/or motion for new trial is granted. Because the judgment is not sustained by the weight of the evidence, new trial is scheduled for 2-2-89 at 10:00 A.M. O.R.C.N.P. 59."

### C. TRIAL COURT MUST ARTICULATE BASIS FOR GRANTING A NEW TRIAL

The Supreme Court of Ohio, however, has provided that a trial court must "articulate the reason" for granting a motion for new trial when based upon a finding that the jury's verdict was not sustained by the weight of the evidence.

"When granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." *Antal* v. *Olde Worlde Products, Inc.* (1984), 9 Ohio St. 3d 144, syllabus.

In addition, the Supreme Court of Ohio, in *Antal,* opined that:

"The question remains as to how specific must a trial court be when granting a new trial on the ground that the verdict is against the weight of the evidence. The record of the case at bar reveals that the trial court articulated no reasons whatsoever, other than stating generally that the jury's verdict was not 'sustained by the weight of the evidence.' While the determination of whether a trial court's statement of reasons is sufficient should be left to a case-by-case analy-

sis, we can say with a reasonable degree of certainty that such reasons will be deemed insufficient if simply couched in the form of conclusions or statements of ultimate fact. *Clemmer* v. *Hartford Ins. Co., supra*, at 888.

"Consequently, we hold that, when granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." *Antal* v. *Olde Worlde Products, Inc., supra*, at 147.

### D. TRIAL COURT FAILED TO ARTICULATE BASIS FOR GRANTING NEW TRIAL

A review of the trial court's order, which granted the appellee's motion for new trial, fails to indicate that the trial court "articulated the reasons" for granting a new trial. Absent the trial court's specific reasoning for granting the motion for new trial, this court is precluded from critically reviewing the propriety of the trial court's decision to grant a new trial. See *Seibel* v. *Kent* (November 29, 1989), Hamilton App. No. A-8409254, unreported; *Winson* v. *Fauth* (August 9, 1989), Lorain App. No. 96938, unreported; *Allis-Chalmers Credit Corp.* v. *Majestic Steel Service, Inc.* (March 8, 1984), Cuyahoga App. No. 47158, unreported.

### E. CONCLUSION

Therefore, the trial court abused its discretion in granting the appellee's motion for new trial absent the articulation of the reasons and/or specific basis for ordering a new trial.

The judgment of the trial court is reversed and the original jury verdict, which found that the appellee was not entitled to participate in the worker's compensation program, is reinstated.

*Judgment reversed and cause remanded.*

PATTON, C.J., and NAHRA, J., concur.