This is an appeal from a judgment of the Erie County Court of Common Pleas which granted appellees' motion for a new trial on the issue of the amount of damages for injuries allegedly incurred during a car accident. Appellant assigns the following assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEES' MOTION FOR NEW TRIAL SINCE THERE WAS SUFFICIENT CREDIBLE EVIDENCE TO SUSTAIN A JUDGMENT UPON THE VERDICT OF THE JURY IN FAVOR OF THE APPELLANT."
 "II. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR DIRECTED VERDICT AGAINST THE APPELLANT ON THE ISSUE OF APPELLEE'S (sic) LIABILITY BECAUSE REASONABLE MINDS WOULD HAVE DRAWN DIFFERENT CONCLUSIONS AS TO ISSUES OF FACT CONCERNING THE LIABILITY OF THE APPELLEES."
Appellees[1], Luther Paul and Linda S. Kuns, have not appeared in this appeal.
On October 5, 1992, appellant, Jodi A. Tucker, drove her car toward an intersection with a stop sign. Whether she stopped at the stop sign or proceeded into the intersection without coming to a complete stop, and whether her view was obstructed, were disputed.
Nonetheless, appellant conceded that she was negligent by proceeding into the path of appellee's pickup truck even though she did not see it until shortly before the collision. Appellee Paul Kuns was traveling between forty to fifty miles per hour and hauling a trailer with equipment used in his construction business. The testimony revealed it was unlikely he could have stopped in time to avoid the collision because of the trailer.
Kuns recalled hitting his head during the accident. His truck was destroyed. He did not have visible injuries at the scene and did not seek medical or hospital treatment that day. However, he saw his family doctor the following day complaining of a stiff neck and headaches.
Kuns sued appellant for past and future medical expenses, pain and suffering, and lost wages. He claimed these damages resulted from the accident, particularly aggravation of pre-existing back and neck problems. His spouse brought a claim for loss of consortium. Appellees did not seek compensation for property damage to the pickup truck in the lawsuit. Appellant raised contributory negligence as an affirmative defense.
The testimony was controverted as to whether appellee admitted he was not hurt after the accident. The defense theory of the case was that appellee had undergone extensive chiropractic treatment for chronic bad back and neck pain, attributed to arthritis and the physical nature of his occupation for years, beginning in 1982.
The trial court granted appellees' motion for directed verdict on the issue of whether appellee Paul Kuns had been contributorily negligent by not avoiding the accident. The trial court also concluded that appellant was "negligent" and directed a verdict in appellees' favor on the issue of "negligence".
Exactly what the trial court intended by the term "negligent" is not clear. As discussed below, that lack of clarity provides the basis for our decision to affirm the trial court's grant of a new trial.
The court's jury instructions were conflicting as to whether the jury was to determine whether appellant proximately caused appellees' damages. However, the trial court provided the jury with three preprinted general verdict forms: one for each appellee, which designated a space for damages, and one for appellant, which had no space for damages. This suggests that the trial court's directed verdict on the issue of "negligence" was limited to whether appellant had breached a duty of care to appellees, leaving the issues of proximate cause and damages for the jury to decide. If the trial court intended for the jury to decide the issue of damages only because it found appellant proximately caused appellees' injuries, it was unnecessary to provide the jury with a verdict form that would allow a finding in appellant's favor on the issue of liability.
On February 5, 1998, the jury rendered a "defense verdict" by returning the verdict form for appellant. The jury did not determine an amount for damages.
The court journalized its judgment accepting the jury verdict on March 3, 1998. That same day, appellees filed a motion for new trial, arguing that the verdict of no damages was inadequate, contrary to law, and against the weight of the evidence. Appellees represented that the trial court directed a verdict in their favor on the issue of liability. Appellees emphasized that the evidence was uncontroverted that he was injured as a direct result of the collision.
The trial court granted a new trial. In an entry that appears to have been prepared by appellees, the trial court ordered:
 "that a new trial to this action be * * * granted on the grounds that the damages were clearly inadequate, and that it is against the weight of the evidence based upon the fact the Plaintiff was injured. This case is to be returned to the trial calendar and assigned to be set down for trial on the issue of damages only * * * *"
Rule 59 provides in relevant part:
"(A) Grounds.
 "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
"* * *
 "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
"* * *
 "(6) The judgment is not sustained by the weight of the evidence; however only one new trial may be granted on the weight of the evidence in the same case
 "(7) The judgment is contrary to law * * *" Emphasis added).
We review a trial court's grant or denial of a motion for new trial under an abuse of discretion standard. Antal v. OldeWorlde Products, Inc. (1984), 9 Ohio St.3d 144, 145. A trial court must articulate its reasons for granting a motion for new trial based on weight of evidence. Id. at 147.
The trial court articulated that damages should have been awarded because plaintiff-appellee was injured when granting the motion for new trial. However, whether a person negligently and proximately caused an accident must be distinguished from whether that person proximately caused bodily injury which requires an award of damages. Hamm v. Smith (Dec. 18, 1998), Erie App. No. E-98-026, unreported.
"[T]o establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142 (citations omitted). If the trial court meant that appellant breached a duty and proximately caused appellees' injuries, such as aggravation of a preexisting condition and loss of consortium, then the jury could only decide the amount of damages. If, on the other hand, the trial court determined only that appellant's conduct was negligent because she breached a standard of care, then the jury had to determine whether appellant proximately injured appellees as well as the amount of damages.
While appellant did concede she was at fault in causing the collision, she did not concede she was responsible for appellees' injuries. The defense strategy emphasized that the accident did not aggravate a preexisting condition and that appellee's neck and back pain were caused by the natural progression of his long-standing arthritis. In short, the defense strategy implied that appellees were using the injuries from the accident in order to collect money for a condition that had existed and deteriorated for years.[2]
The trial court's instructions on what issues the jury should determine were unclear and contradictory:
 "[T]he court instructs you that the evidence is clear that the Plaintiff was injured as a result of the collision in question, and that the treatment rendered to the Plaintiff from the time of his accident on October 5, 1992 up through the present time was reasonable and necessary for the care of his injuries, which were caused by the accident in question. You should, therefore, include as part of your award * * * compensation for the Plaintiff's pain, suffering, medical expenses, and loss of enjoyment during this period of time." (Emphasis added).
Yet, the court also instructed the jury:
 "This leaves for your decision the disputed issues which may be summarized as follows: (1) Did the Plaintiff suffer any damages as a result of the collision in question on October 5, 1992; (2) Was the accident in question a cause of the need for the Plaintiff's treatment in October of 1992 to the present; and * * * (3) What amount of money will fairly compensation (sic) the Plaintiffs for each element of damage caused by the accident in question. * * * *" (Emphasis added).
The trial court further instructed:
 "[A] party who seeks to recover for injury must prove not only that the other party was negligent, but also that such negligence was the proximate cause of the injury.
 "As the defendant was responsible for the collision in question, and admittedly caused damages, you are instructed to render a verdict in favor of the Plaintiff for all damages proven by the greater weight of the evidence. * * *". (emphasis added).
If the trial court intended to limit the jury to determining the amount of damages at trial, it should not have given the jury instructions on proximate cause. Nor should the trial court have given the jury a general verdict form for the defendants, the appellees herein. If the court's directed verdict included a finding that appellant proximately caused appellees' injuries, the jury should have returned at least nominal damages. On that basis, the trial court correctly granted the motion for new trial.
If, however, the trial court intended that the jury determine the issue of proximate cause, there was controverted evidence about why appellee sought chiropractic treatment after the accident.
 "[I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim." Iames v. Murphy (1995), 106 Ohio App.3d 627, 631 (citations omitted).
Because of the conflicting jury instructions, and the improper verdict form, we cannot determine whether the jury concluded that appellees did not suffer even nominal damages or whether the jury concluded that appellee's treatment after the accident was not proximately caused by the accident.See Wamer v. Pfaff (Mar. 31, 1998), Lucas App. No. L-97-1234, unreported.
The trial court properly granted a new trial, but incorrectly limited it to the amount of damages in light of the conflicting jury instructions. Appellant's first assignment of error is found not well taken in part because a new trial was properly granted. Appellant's first assignment of error is found well taken in part because the trial court should not have limited the new trial to the issue of damages only in these circumstances.
In her second assignment of error, appellant argues that the trial court incorrectly directed a verdict that appellee Paul Kuns was not contributorily negligent. The directed verdict determined that Kuns could not have avoided the accident by braking or steering around appellant.
Civil R. 50(A)(4) provides that when granting a directed verdict, the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. In light of appellant's acknowledgment on the stand that she caused the accident, and in the absence of probative evidence that appellee could have avoided the accident, reasonable minds could only reach one conclusion based on the evidence submitted. Civ.R. 50(A)(4). That conclusion was that appellee could not have avoided the accident by braking or steering around appellant.
Appellant's second assignment of error is found not well-taken.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed in part, and reversed in part. This case is remanded for further proceedings consistent with this decision. Costs of this appeal are to be shared equally by the parties.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ------------------------ JUDGE Melvin L. Resnick, J. ------------------------ JUDGE Richard W. Knepper, J. CONCUR. ------------------------ JUDGE
[1] The use of the term "appellee" refers to the driver of the pickup truck, Luther Paul Kuns. The plural form, appellees, includes his wife and her claim for loss of consortium.
[2] The defense emphasized that appellee Paul Kuns had been receiving treatment as recently as August 1992 for neck pain by being jarred on a boat in June 1992. Yet, until May 1996, appellee's treatment after the accident was not much different in scope and number than the treatment he had received before the accident.
On May 13, 1996, appellee began the first of twenty-five visits to a chiropractor, which ended on December 21, 1997. The chiropractor concluded that, based on his years of experience, the collision aggravated appellee's previously existing arthritic condition. On cross-examination, the doctor conceded he was unaware of some of appellee's past treatment history. He did not know appellee had received chiropractic treatment for back and neck pain since 1982. The chiropractor acknowledged he did not know appellee had received treatment for neck and back pain for two to six months before the accident after being jarred on a boat.
Appellee's osteopathic family doctor testified that he had intermittently treated appellee since 1987 for spinal strain and pain in the back and neck areas caused by underlying arthritis and lifestyle. In August 1992, two months before the accident, he referred appellee to a neurosurgeon to evaluate appellee's left shoulder and neck pain after being jarred during a boat ride. The neurosurgeon recommended an MRI and x-rays. Those tests were not performed before the accident.
The family doctor testified that he referred appellee for x-rays the day after the accident to make sure here were no fractures. Those x-rays showed "side bending to the left suggesting muscular spasm" in appellee's neck, but no fractures. The doctor testified that in his opinion, appellee had a spinal sprain casually connected the accident, which aggravated his preexisting arthritis in the neck and back. On cross-examination, the doctor conceded that he did not read the x-rays personally because he was not a radiologist. He testified that no comparative x-rays studies of appellee had ever been performed. The doctor acknowledged that his opinion was based largely on appellee's subjective complaints to him. See, generally, State v. Brown (1983), 5 Ohio St.3d 133, 135.