DECISION AND JUDGMENT ENTRY
Akron Express Inc. and Scott W. Snyder appeal the Gallia County Court of Common Pleas' decision to grant a new trial. Because we find that the trial court's order was not sufficiently detailed to allow this court to conduct a meaningful review of the trial court's order, we agree. Accordingly, we reverse and remand the judgment of the trial court.
 I.
Billy R. Witt and his wife, Theresa L. Witt, and their children, Billy J., Brandon, Jenifer, and Jeremy, filed a complaint against Akron Express, Snyder, Christians Construction, and Tom B. Gibbs. The complaint alleged that Scott W. Snyder was an agent of Akron Express when he was driving a semi-truck that collided with a vehicle in which Billy R. Witt was a passenger. According to the complaint, Billy R. Witt suffered permanent injuries, lost wages, and will continue to lose wages as a result of the accident. The complaint further alleged that Theresa Witt and the Witt children suffered loss of consortium with Billy R. Witt. The complaint also alleged claims against Christians Construction and Gibbs, however those claims are not at issue on appeal.[1]
After a jury trial, the jury found that Akron Express and Snyder's negligence proximately caused injury to Billy R. Witt and awarded him sixty thousand dollars for past medical expenses and two thousand one hundred sixty dollars in past lost wages. The jury expressly declined to award past pain and suffering damages to Billy R. Witt or any damages to the remaining Witts.
The Witts filed a motion for new trial pursuant to Civ.R. 49 and 59. They argued that the jury's award "was contrary to the weight of the evidence, * * * resulted in inadequate damages appearing to have been given under the influence of passion or prejudice, * * * was contrary to law, and * * * manifested an error of law brought to the attention of the trial court." In their supporting memorandum, the Witts focused on whether the jury's award was supported by the evidence presented at trial. The defendants' memorandum in opposition argued that the facts supported the jury's damage award. In their reply, the Witts characterize their motion as a motion "for new trial on the grounds that the jury's award was contrary to the manifest weight of the evidence in that it failed to award damages required by law."
After a hearing on the motion for new trial, the trial court granted the motion. The trial court's entry provided in part:
 This matter came before the Court this 29th day of March, 2001 upon a motion for new trial filed by the Plaintiff.
* * *
 The parties gave oral argument and submitted memorandum of law to the Court. The Court took the case under advisement to review the law. It has now done so.
Based upon a review of the law, the Court finds that the motion for new trial is well taken. The Court finds that although the Bailey case is not a decision of this appellate district it does provide guidance to this Court on the issue.
It is therefore, Ordered that the motion for new trial be and the same is hereby granted.
Akron Express and Snyder appealed and assigned the following errors:
 [I.] Where substantial evidence supported the jury award, the trial court erred in granting a new trial.
 [II.] The trial court erred in granting a new trial without articulating its reasoning.
 II.
We consider the assignments of error out of order. In their second assignment of error, Akron Express and Snyder argue that the trial court erred by failing to articulate its reasoning for granting a new trial.
We review a trial court's grant of a new trial for an abuse of discretion. Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993),67 Ohio St.3d 487; Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161.
Civ.R. 59 provides:
 (A) A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (6) the judgment is not sustained by the weight of the evidence * * *.
* * *
 When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted.
When a trial court grants a "motion for new trial based on the contention that the verdict is not sustained by the weight of the evidence, [it] must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." Antal v. Olde World Products, Inc. (1984), 9 Ohio St.3d 144, syllabus (reversing trial court decision to grant a new trial when trial court fails to specify the reasons beyond a conclusory statement that the verdict is not sustained by the weight of the evidence).
The Ohio Supreme Court applied its ruling in Antal in Mannion v.Sandel (2001), 91 Ohio St.3d 318. The Mannion trial court summarized the testimony of two expert witnesses that supported the plaintiffs' assertion that the defendant violated the standard of care in his treatment of the plaintiff — wife. In its entry, the trial court relied on this expert testimony and the fact that both the parties' experts came to the same conclusion to find that the jury should have determined that the defendant violated the standard of care. Mannion at 321. The trial court concluded that the jury's verdict was against the manifest weight of the evidence. The issue before the Supreme Court was whether the trial court's explanation for granting a new trial complied with Civ.R. 59 as interpreted in Antal. Id. In resolving this issue, the Court found that since the trial court stated that the testimony of both experts contradicted the jury's finding on at least one of the plaintiff's claims, the appellate court erred in finding that the trial court simply couched its decision in the form of conclusions or statements of ultimate fact.
Here, unlike Mannion, the trial court did not explain how the evidencein this case warranted a new trial. After reviewing the motions of the parties, we can discern the rule of law upon which the trial court relied; however, we cannot discern how the trial court arrived at the conclusion that the application of this body of law mandated that the jury's damage award was against the manifest weight of the evidence. Without knowing the evidentiary basis for the trial court's decision, we cannot determine whether the trial court abused its discretion in awarding a new trial. Accordingly, we find that the trial court's order was not sufficiently detailed to allow this court to conduct a meaningful review of the order and sustain Akron Express and Snyder's second assignment of error.
 III.
We do not resolve Akron Express and Snyder's first assignment of error because our resolution of its second assignment of error renders it moot. App.R. 12 (A)(1)(c).
 IV.
In sum, we sustain Akron Express and Snyder's second assignment of error, which renders their first assignment of error moot. Therefore, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellees.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] The Witts dismissed their claims against Christians Construction and Gibbs before these defendants filed answers.