JOURNAL ENTRY AND OPINION
{¶ 1} Cynthia Lemmerman appeals from an order of the common pleas court granting Margaret O'Toole a new trial after it had entered a $1,320.72 judgment pursuant to a jury verdict in favor of O'Toole in connection with claims arising from a motor vehicle accident at the intersection of Hilliard Boulevard and Elmwood Avenue in Lakewood, Ohio.
 {¶ 2} On appeal, Lemmerman claims the court abused its discretion in granting a new trial based on an improper question asked during trial. O'Toole cross-appeals, claiming the court should have directed verdicts on the issues of the parties' fault and also should have granted a new trial on the limited issue of her claim for damages regarding her pain and suffering, which the jury rejected. O'Toole also claims the court erroneously reduced the amount of the jury award on her claim of medical expenses and lost wages.
 {¶ 3} For the reasons given below, we have concluded that the court abused its discretion in granting a new trial and erred in entering a judgment of $1,320.72 for O'Toole. We therefore reverse those orders and enter final judgment of $2,401.30 for O'Toole. On August 15, 2001, Lemmerman, traveling eastbound on Hilliard Boulevard in Lakewood, Ohio, entered the intersection at Elmwood Avenue, attempting to make a left turn to go northbound on Elmwood Avenue. She collided with O'Toole's vehicle, which had been traveling westbound on Hilliard Boulevard. The incident totaled O'Toole's vehicle and Lemmerman's vehicle required $8,000 in repairs. As a result of this accident, O'Toole sued Lemmerman.
 {¶ 4} At trial, O'Toole testified she entered the intersection on a green light, intending to proceed westbound on Hilliard. She also introduced video testimony of her treating physician, Dr. Albert Musca, and further presented evidence of her claim for $4,366.20, which consisted of medical expenses of $4,247.00 and a wage loss of $119.20.
 {¶ 5} Lemmerman, on the other hand, testified that she entered the intersection on a green light while turning on her left turn signal. As she waited at the intersection, a vehicle turned left from the lane next to the double yellow line to go southbound on Elmwood. She testified that when the light turned yellow, and, not seeing any oncoming vehicles, she executed her left turn and collided with O'Toole's vehicle, which hit her vehicle on the front passenger side. Her counsel, on direct, asked her a question regarding whether the police cited her for the incident in the following exchanges:
 {¶ 6} "Q. Were you ever cited for this accident?
 {¶ 7} "A. No.
 {¶ 8} "[Plaintiff Counsel]: Objection.
 {¶ 9} "THE COURT: Sustained.
 {¶ 10} "I ask the jury to disregard that.
 {¶ 11} "[Plaintiff's Counsel]: Move for a mistrial, Your honor.
 {¶ 12} "THE COURT: We will discuss that outside the hearing of the jury." (Tr. 145)
 {¶ 13} Following a hearing held outside the presence of the jury, the court denied O'Toole's motion for mistrial. The court also denied O'Toole's motion for directed verdicts on the issues of Lemmerman's negligence and her own lack of negligence in connection with the accident.
 {¶ 14} The jury, finding O'Toole 45% negligent and Lemmerman 55% negligent, returned an award of $2,401.30 for O'Toole, a figure that matched exactly 55% of O'Toole's total claim $4,366.20 in medical expenses and wage loss. The court subsequently entered a judgment of $1,320.72, which reflected its own reduction of the award by 45% based on the jury's finding of O'Toole's comparative negligence.
 {¶ 15} O'Toole then filed a Motion for Judgment Notwithstanding the Verdict and/or New Trial, requesting that the court set aside the judgment of $1,320.72 and enter a judgement of $4,366.00, and also requesting a new trial to determine the value of her claim for pain and suffering. Alternatively, she requested a new trial for the entire case.
 {¶ 16} The court denied O'Toole's Motion for Judgment Notwithstanding the Verdict but granted O'Toole's motion for a new trial. It ruled that the irregularity and misconduct by defense counsel concerning his inquiry of a citation warranted a new trial relating to all issues in the case.
 {¶ 17} Lemmerman now appeals from that order; O'Toole cross-appeals, claiming errors regarding the court's denial of her motion for the directed verdicts on the issues of Lemmerman's negligence and her lack of negligence. O'Toole also claims court errors in its denial of a new trial solely to determine the value of her pain and suffering, as well as in its reduction of her claim of medical expenses and lost wages.
 {¶ 18} Lemmerman's two assignments of error, both relating to the improper question by Lemmerman's counsel, state:
 {¶ 19} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING A NEW TRIAL PURSUANT TO CIV.R. 59(A)(1) AND CIV.R. 59(B)(2) IN ORDERING THAT A MISCONDUCT OCCURRED AS DEFENSE COUNSEL'S QUESTION ON A TRAFFIC CITATION WAS OBJECTED TO AND IMMEDIATELY CURED BY THE TRIAL COURT."
 {¶ 20} "II. THE ERROR WHICH THE TRIAL COURT BELIEVES OCCURRED DURING TRIAL WAS A HARMLESS ERROR AND AS SUCH, IS NOT SUFFICIENT GROUNDS FOR A NEW TRIAL."
 {¶ 21} The standard for granting a new trial is governed by Civ.R. 59, which states in part:
 {¶ 22} "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 23} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 {¶ 24} "(2) Misconduct of the jury or prevailing party;
 {¶ 25} "(3) Accident or surprise which ordinary prudence could not have guarded against;
 {¶ 26} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 27} "* * *;
 {¶ 28} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 29} "(7) The judgment is contrary to law;
 {¶ 30} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
 {¶ 31} A reviewing court may reverse the trial court's order if the trial court abused its discretion in ordering a new trial. Antal v.Olde Worlde Products (1984), 9 Ohio St.3d 144. The term "abuse of discretion" applies when the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 32} Here, the transcript reveals that Lemmerman's counsel asked her if she had received a citation for the incident. In Wolfe v. Baskin
(1940), 137 Ohio St. 284, the court stated that in a civil action the question of arrest is immaterial. Thus, we agree that the issuance or non-issuance of a traffic citation is immaterial here, therefore any inquiry and response in this regard should have been excluded from evidence.
 {¶ 33} However, the transcript reveals that the court immediately advised the jury to disregard Lemmerman's response. A presumption always exists that the jury has followed the instructions given to it by the trial court. See Pang v. Minch (1990), 53 Ohio St.3d 186. Thus, absent any other factors, we conclude, as the trial court did when it refused to declare a mistrial, that the improper inquiry concerning a citation, followed immediately by a curative instruction, is not so prejudicial as to overcome the presumption that the jury acted in conformity with the court's instruction.
 {¶ 34} On this basis, we conclude the court acted arbitrarily when it reversed its own decision and granted a new trial. As such, this assignment of error is well taken.
 {¶ 35} As to O'Toole's cross-appeal, her first cross assignment of error states:
 {¶ 36} "I. THE TRIAL COURT IMPROPERLY DENIED THE PLAINTIFF/APPELLEE'S MOTION FOR DIRECTED VERDICTS ON THE ISSUE OF THE DEFENDANT'S NEGLIGENCE AND THE LACK OF THE PLAINTIFF'S COMPARATIVE NEGLIGENCE."
 {¶ 37} O'Toole argues that reasonable minds could only conclude that Lemmerman acted negligently and that she herself had not been negligent. Accordingly, she asserts the court should have granted directed verdicts in her favor on these issues.
 {¶ 38} Civ.R. 50 (A)(4) governs the standard for granting or denying a motion for directed verdict. It states:
 {¶ 39} "(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 40} Here, the court instructed the jury on comparative negligence. It also charged the jury on the duties imposed on drivers by various traffic laws relevant to this case. Specifically, it informed the jury on the law governing the right of way as provided for in R.C. 4511.42, which states:
 {¶ 41} "The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction, whenever the approaching vehicle, streetcar, or trackless trolley is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard."
 {¶ 42} The court also gave the following instruction regarding changing traffic signals in accordance with OJI 225.131, Section 9 andIndianapolis Southeastern Trailways, Inc. v. Cincinnati St. Ry.Co. (1957), 166 Ohio St. 310:
 {¶ 43} "If a driver enters an intersection and thereafter the traffic control signal changes while she is still in the intersection, she has the right of way over traffic thereafter entering the intersection, and she may continue cautiously through the intersection, but she must use ordinary care for the safety and rights of all persons and vehicles using the roadway."
 {¶ 44} Given these instructions, and, based on Lemmerman's testimony that she made her attempt to turn left only after the traffic light turned yellow and having perceived no oncoming vehicles, the jury could have reasonably concluded that Lemmerman had the right of way over O'Toole's vehicle, which it may have concluded entered the intersection after the light turned yellow when Lemmerman's vehicle was already within the intersection.
 {¶ 45} Construing the evidence most strongly in favor of the party against whom the motion is directed, therefore, we cannot say that reasonable minds could only conclude that only Lemmerman acted negligently. Therefore, the court properly denied O'Toole's motions for directed verdicts on these issues. This assignment of error is thus not well taken.
 {¶ 46} O'Toole's second cross assignment of error states:
 {¶ 47} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLEE IN DENYING THE PLAINTIFF/APPELLEE'S MOTION FOR NEW TRIAL BASED UPON THE JURY'S FAILURE TO AWARD PLAINTIFF ANY SUM FOR PAIN AND SUFFERING AND THE JURY'S OWN REDUCTION OF PLAINTIFF'S AWARD PURSUANT TO ITS COMPARATIVE NEGLIGENCE FINDING."
 {¶ 48} O'Toole contends that the court should have granted a new trial on the limited issue of damages for pain and suffering, claiming the jury verdict is against the weight of the evidence. She further contends the court erred in reducing the judgment from $2,401.30 to $1,320.72.
 {¶ 49} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
 {¶ 50} Regarding O'Toole's claim of pain and suffering, she presented the testimony of Dr. Musca, who testified that he initially diagnosed O'Toole as having acute myofascitis of the neck and thoracic lumbar and sacral segments of the back. The record, however, also reveals that the emergency room records did not reflect any complaint of shoulder pain. She also stated that rather than visiting Orthopedic Associates, as instructed by the emergency room personnel, she went to see Dr. Musca on the advice of her counsel. Furthermore, Dr. Musca, on cross-examination, admitted that the emergency room doctors noted no pain in her neck or low back and further testified that for the five weeks between her first visit to him on August 29, 2000, and October 5, 2000, O'Toole did not complain of any neck pain. Dr. Musca also testified that on November 6, 2000, O'Toole's last visit, his records noted "plaintiff's pains of the head, neck, left shoulder, abdomen, left knee, left hip are all no longer present."
 {¶ 51} Given this record, the jury verdict is supported by some competent, credible evidence. Therefore, the trial court did not abuse its discretion in denying a new trial on this issue.
 {¶ 52} Finally, the record reflects that the jury, by returning a verdict of $2401.30 for O'Toole, had reduced her $4,366.20 claim for medical expenses and lost wages by 45%. Despite this reduction, the court further reduced the verdict by the same percentage when it entered judgment for $1,320.72. We therefore modify the judgment to reflect a judgment of $2,401.30 for O'Toole.
 {¶ 53} Motion to grant a new trial is reversed. Judgment modified and as modified, affirmed.
It is ordered that appellant and appellee equally share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).