JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Michele Earney ("Earney"), appeals the trial court's decision granting plaintiff-appellee, Jeffrey Perry ("Perry"), a new trial. Finding merit to the appeal, we reverse and remand with instructions.
 {¶ 2} In 2003, Melissa Stadler ("Stadler") and Perry filed a complaint against Earney for damages incurred as a result of a car accident.[1] Perry's claims proceeded before a jury, and the jury returned a verdict in favor of Perry and against Earney for zero dollars. The trial court granted Perry's motion for a new trial, finding "that the jury award of zero dollars was inadequate and against the manifest weight of the evidence."
 {¶ 3} Earney appeals this decision, raising two assignments of error. Finding the first assignment of error dispositive, it will be addressed first.
 {¶ 4} In her first assignment of error, Earney argues that the trial court abused its discretion in granting a new trial, because the jury's verdict was not against the manifest weight of the evidence.
 {¶ 5} Civ. R. 59(A) states, in relevant part:
"A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
(4 Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
* * *
In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."
 {¶ 6} The grant or denial of a motion for a new trial pursuant to Civ.R. 59(A) is committed within the sound discretion of the trial court and will not be reversed upon appeal absent an abuse of that discretion. Green v. Krill Co., Cuyahoga App. Nos. 80636 and 80665, 2002-Ohio-4427, citing Rohde v. Farmer
(1970), 23 Ohio St.2d 82, 91, 262 N.E.2d 685. The term "abuse of discretion" connotes more than an error of law; rather, it implies that the court's judgment is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 7} In the instant case, the trial court granted Perry's motion because the "jury award of zero dollars was inadequate and against the manifest weight of the evidence." Although the court specified the grounds for granting the new trial, the court failed to articulate its reasons for making such finding. InAntal v. Olde Worlde Products, Inc. (1984), 9 Ohio St.3d 144,459 N.E.2d 223, the Ohio Supreme Court stated in its syllabus:
"[w]hen granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial."
 {¶ 8} Whether the trial court has given sufficient reasoning is determined on a case-by-case basis. Antal, supra at 226, citing Clemmer v. Hartford Ins. Co. (1979), 22 Cal.3d 865,151 Cal. Rptr. 285, 587 P.2d 1098; Mannion v. Sandel,91 Ohio St.3d 318, 2001-Ohio-42, 744 N.E.2d 759. However, "such reasons will be deemed insufficient if simply couched in the form of conclusions and statements of ultimate fact." Antal, supra.
 {¶ 9} The trial court's judgment entry provided conclusory statements that the verdict was inadequate and against the manifest weight of the evidence. It did not provide adequate reasoning to allow us to determine the basis for finding that a new trial was warranted. The judgment entry does not state why or in what way the jury verdict was inadequate or why it was against the manifest weight of the evidence. Without this reasoning, we cannot properly review this appeal to determine whether the trial court abused its discretion in granting a new trial. Therefore, this matter is remanded to the trial court to articulate its specific reasons for granting a new trial.
 {¶ 10} Accordingly, the first assignment of error is sustained and the second assignment of error is moot.[2]
 {¶ 11} Judgment reversed and case remanded for the court to articulate its reasons for granting a new trial sufficient for appellate review.
It is, therefore, considered that said appellant recover of said appellees the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. concurs
 McMonagle, J. dissents (See separate dissenting opinion)
[1] Stadler dismissed her claims without prejudice pursuant to Civ.R. 41(A).
[2] In the second assignment of error, Earney argues that sufficient evidence existed to support the jury verdict.
 DISSENTING OPINION