IN RE DISQUALIFICATION OF WATSON.

PARSLEY *v.* IMSANDE.

[Cite as *In re Disqualification of Watson* (1992), 74 Ohio St.3d 1237.]

(No. 92–AP–030—Decided March 4, 1992.)

MOYER, C.J. The affidavit of disqualification herein was filed by Gene V. Imsande seeking the disqualification of Judge John L. Watson from further proceedings in the above-captioned case.

The affidavit was filed on February 28, 1992 and states that a hearing was to be held on March 3, 1992. Affiant did not notify Judge Watson of the filing of the affidavit of disqualification, and Judge Watson had not received notice from this court prior to the hearing, so he proceeded with the hearing. At the hearing, affiant made no reference to having filed the affidavit of disqualification and did not seek to have the hearing continued.

Although the filing of an affidavit of disqualification normally results in a stay of proceedings until it is ruled upon by the Chief Justice, the judge against whom it is filed must have notice. A party who subsequently appears before the judge in question, does not inform the judge that an affidavit has been filed, and makes no effort to have the proceedings continued is considered to have waived his or her objection. *In re Disqualification of Moore* (Oct. 30, 1987), No. 87–AP–253, unreported. Any actions taken by the judge are unaffected by the filing of the affidavit of disqualification.

Here, affiant waived any possible disqualification by failing to inform the judge that an affidavit had been filed and proceeding with the March 3, 1992 hearing without raising an objection.

Further, the affidavit in question complains of the judge's rulings at trial. Dissatisfaction and disagreement with a judge's rulings are legal issues subject to appeal and are not by themselves evidence of bias or prejudice. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

For the foregoing reasons, the affidavit of disqualification is found not well taken and is hereby denied.