OPINION
Appellant Jeanne Brown appeals the decision of the Guernsey County Court of Common Pleas, which granted Appellee E. Eugene "Gene" and Karen Lehman's motion for new trial. The relevant facts leading to this appeal are as follows. The Lehmans, hereinafter "appellees", were the owners of a large home and real estate located at 633 Upland Road, Cambridge, Ohio. In January 1992, appellant offered to buy the property from appellee with the intent of operating a "bed and breakfast" business. However, the deal did not go forward due to financing roadblocks. Eventually, appellees agreed to lease the property to appellant for a term of five years, with an option to extend the lease for additional terms. Under the terms of lease, appellant was afforded the opportunity to recoup certain portions of the cost of her permanent improvements to the property. Upon execution of lease, appellant took possession of the property and named it the "Clare Inn." She operated the business for several years and made various improvements thereon. In November 1995, William and Karen Taylor visited the inn and expressed in interest in purchasing the premises, apparently believing that appellant was the owner. Appellant ultimately made the Taylors aware of the ownership of appellees, who decided to pursue the sale of the property to the Taylors. However, appellees desired that appellant contract separately with the Taylors to account for compensation for appellant's improvements to the property and her leasehold interest. In January 1996, appellant and the Taylors entered into an agreement whereby appellant assigned her interest in the lease to the Taylors, who agreed in turn to pay appellant fifty thousand dollars (in three unequal installments) for her interest in the lease, all improvements made to the property, and the furnishings on the premises. The agreement was made contingent upon appellant obtaining the written consent of appellees to the assignment of lease. The Taylors soon took possession of the premises, even though appellees argued they never gave consent to the above agreement. The closing of the agreement, scheduled for March 15, 1996, did not go forward when the Taylors failed to appear. Appellee decided that appellant was in default of the original lease based on her vacating of the premises, and the Taylors refused to make further payments to appellant or return any furnishings. Appellant took the position that appellees and the Taylors conspired to divest her of her interests in the inn property, and filed suit to obtain credit for improvements, a return of furnishings, and/or possession of the premises. The matter proceeded to jury trial on July 26 through July 30, 1999, with Judge David A. Ellwood presiding. The jury returned identical verdicts against appellees and the Taylors for $102,895 in compensatory damages and $75,000 in punitive damages, plus attorney fees. On August 6, 1999, appellees filed a motion for judgment notwithstanding the verdict or new trial. On September 22, 1999 Judge Ellwood filed an entry voluntarily recusing himself from further proceedings. He stated therein that his "impartiality might reasonably be questioned concerning the disputed evidentiary facts, based upon his aliunde information from the Jurors and conduct of the counsel in this case." Judgment Entry, September 22, 1999. Judge Ellwood then requested the Chief Justice of the Supreme Court of Ohio to assign another judge. On October 18, 1999, the Chief Justice appointed Judge Knapp to preside over the rest of the case. Following a hearing on February 25, 2000, Judge Knapp sustained the motion for new trial. Appellant filed her notice of appeal on March 21, 2000, and herein raises the following five Assignments of Error:
 I. THE ENTRY OF JUDGE KNAPP SUSTAINING THE MOTION FOR NEW TRIAL CONSTITUTES REVERSIBLE ERROR AS IT FAILS TO ARTICULATE THE FACTUAL BASIS FOR THE DETERMINATION.
 II. BY SUSTAINING THE MOTION FOR NEW TRIAL, JUDGE KNAPP COMMITTED REVERSIBLE ERROR SINCE HE DID NOT PERSONALLY OBSERVE THE TRIAL AND DID NOT HAVE ACCESS TO FINDINGS OF FACT TO SUPPORT THE JUDGMENT OF JUDGE ELLWOOD.
 III. JUDGE KNAPP, THE SUCCESSOR JUDGE, COMMITTED REVERSIBLE ERROR IN FINDING THAT THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF LIABILITY.
 IV. JUDGE KNAPP COMMITTED REVERSIBLE ERROR IN SUSTAINING THE MOTION FOR NEW TRIAL ON THE BASIS OF EXCESSIVE DAMAGES.
 V. THE ACTIONS OF JUDGE ELLWOOD SURROUNDING HIS VOLUNTARY RECUSAL WERE PREJUDICIAL AND TAINTED THE SUBSEQUENT APPOINTMENT OF JUDGE KNAPP, AND IN TURN, THE SUSTAINING OF THE MOTION FOR NEW TRIAL.
 I
In her First Assignment of Error, appellant contends that the trial court erred by failing to properly articulate its reasons for granting a new trial. We agree. The judgment entry at issue reads as follows, in entirety:
Defendant's Motion For New Trial SUSTAINED on the basis excessive damages were given under influence of passion or prejudice, and the judgment is NOT SUSTAINED by the weight of the evidence (see record).
Civil Rule 59(A), by its text, does not define in detail the extend to which a trial court must articulate out its basis for granting a new trial. It merely directs that "[w]hen a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted." However, in Antal v. Olde Worlde Products, Inc. (1984),9 Ohio St.3d 144, the Ohio Supreme Court took a more expansive view of a trial judge's duty in this area: When granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial. Id., syllabus. Appellee nonetheless urges that we limit the holding of Antal to new trial orders based on Civ.R. 59(A)(6) ("weight of the evidence"), as this was the specific provision underlying the events in Antal. However, the Judgment Entry in the case sub judice is patently based on both Civ.R. 59(A)(6) and Civ.R. 59(A)(4), and we find no merit in appellant's assertion that this case was "primarily" decided under Civ.R. 59(A)(4) ("damages * * * given under the influence of passion or prejudice"). More importantly, on at least one prior occasion this Court has extended Antal to other categories under Civ.R. 59(A), thus requiring a new trial order to contain sufficient supportive findings. See Nihiser v. Nihiser (June 24, 1985), Fairfield App. No. 50-CA-84, unreported (applying rule to Civ.R. 59(A)(1) grounds). Cf. Horn v. Belden Blake, Inc. (Dec. 16, 1991), Stark App. No. CA 8486, unreported. Given the detailed contractual and lease arrangements in the case before us, the brevity of the judgment entry ordering a new trial does not reach the threshold established by Antal so as to enable a reviewing court to pronounce whether or not the trial court abused its discretion. Thus, we are compelled to remand this issue for further clarification by the appointed judge. Appellant's First Assignment of Error is sustained.
 II
In her Second Assignment of Error, appellant contends that Judge Knapp's actions were in error, in that he did not sit during the trial and did not have before him any written findings of fact and conclusions of law from Judge Ellwood. We disagree. Civ.R. 63(B) provides measures for the situation found in the case sub judice: If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge designated by the administrative judge, or in the case of a single-judge division by the Chief Justice of the Supreme Court, may perform those duties * * *.
By using the disjunctive mode, the above rule does not contemplate that a post-trial successor judge appointment requires both a jury verdict and the prior rendering of findings of fact and conclusions of law. A plain reading would instead apply the requirement of findings of fact and conclusions of law to non-jury trials. Such a view systematically comports with Civ.R. 52 , which applies only to questions of fact tried by the court without a jury. See, e.g., Bradley v. Tellom Leasing, Inc., (Aug. 26, 1996), Stark App. No. 1995CA00321, unreported. Even if the Civil Rules mandated such findings by Judge Ellwood, appellant waived any error by failing to request same in the trial court. See Kager v. Kager (May 22, 2000), Stark App. No. 1999CA00252, unreported. The authorities cited by appellant, Welsh vs. Brown Graves Lumber Company (1978),58 Ohio App.2d 49, and Arthur Young Company vs. Kelly (1990)68 Ohio App.3d 287, are unpersuasive, as both involve non-jury cases. Judge Knapp noted that he extensively reviewed the record of the trial proceedings. The absence of Judge Knapp during the trial itself, and the nonproduction of findings of fact and conclusions of law by Judge Ellwood based on said trial, do not, in themselves, constitute error. Appellant's Second Assignment of Error is overruled.
 III and IV
In her Third and Fourth Assignment of Error, appellant contends that the trial court erred by granting a new trial based on insufficient evidence and excessive damages. Based on our holding regarding appellant's First Assignment of Error, these issues are rendered unripe. We therefore decline to address the merits of these assigned errors.
 V
Appellant asserts error in the recusal of Judge Ellwood and subsequent appointment of Judge Knapp. We disagree. We begin our analysis with the Supreme Court's astute admonition that "[d]issatisfaction and disagreement with a judge's rulings are legal issues subject to appeal and are not by themselves evidence of bias or prejudice." In re Disqualification of Watson (1992), 74 Ohio St.3d 1237, citing In re Disqualification of Murphy (1988), 36 Ohio St.3d 605. Canon 3(C)(1) of the Code of Judicial Conduct requires a judge to disqualify himself when his or her "impartiality might reasonably be questioned." Jackson Twp. v. Stickles, (Mar. 21, 1996), Franklin App. No. 95APC09-1264, unreported. However, challenge to the change or reassignment of a judge is subject to the doctrine of waiver, as noted in Berger v. Berger (1981),3 Ohio App.3d 125: Failure by a party to assert on the record an objection to reassignment at that party's first opportunity to do so constitutes a waiver of that party's objection to the otherwise voidable transfer and bars that party from complaining at a later time that the judge acting in place of the assigned judge lacked authority to so act.
Id. at paragraph four of the syllabus.
The record in the case sub judice reveals no objection or similar response to Judge Ellwood's September 22, 1999, decision to recuse himself until after Judge Knapp's order granting a new trial on February 25, 2000. We find no reasonable justification for such a period of delay by appellant. As noted by the court in Berger, a party should not be permitted to " * * * await the decision with knowledge of the procedural irregularity before choosing to object to the defect if the decision is unfavorable." Id. at 130. From all appearances, this is precisely what transpired in the case sub judice. We therefore hold that appellant has waived appellate review of the recusal of Judge Ellwood. Turning to the issue of the appointment of Judge Knapp, the sole substantiation of appellant's claim that Judge Ellwood and Judge Knapp improperly "discussed" the case is the letter to Chief Justice Moyer of September 22, 1999, wherein Judge Ellwood requested a replacement and named two possible candidates. We agree with appellee's assessment of this correspondence as "an extremely thin reed" by which to make accusations of impropriety. Appellee's Brief at 25. Moreover, our ability to review the appointment per se is minimal, if not nonexistent: With respect to the assignment of an out-of-county judge to a court of common pleas, Civ.R. 63 merely implements the grant of power found in Section 5(A)(3), Article IV of the Ohio Constitution. That provision authorizes the Chief Justice of the Supreme Court, and no one else, to assign a common pleas judge from out of county to a single-judge division. We find nothing in that constitutional grant of power to suggest that an inferior court, such as this court of appeals, is authorized to review the propriety of the Chief Justice's exercise of the power of assignment granted to him by Section 5(A)(3), Article IV, Constitution.
Adkins v. Adkins (1988), 43 Ohio App.3d 95, 96-97.
We therefore find no error in the recusal and appointment procedures utilized below. Appellant's Fifth Assignment of Error is overruled. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 ______________________ Wise, J.
Farmer, P.J., and Reader, V. J., concur.