BARTO et al., Appellants,

v.

McKINLEY, Appellee.

[Cite as *Barto v. McKinley* (2001), 146 Ohio App.3d 121.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 99CO81.

Decided Sept. 25, 2001.

*Stacey, Hutson, Stacey & Powers* and *Mark A. Hutson,* for appellants.

*John T. DeFazio,* for appellee.

---

WAITE, Judge.

This is a timely appeal from a judgment of the Columbiana County Court of Common Pleas denying plaintiffs–appellants' motion seeking a new trial and his motion for judgment notwithstanding the verdict. For the reasons detailed below, the assignments of error are overruled and the trial court's judgment is affirmed.

The facts underlying this dispute arose out of a low-speed collision between two automobiles that occurred on August 15, 1996. Sandra L. McKinley ("appellee") drove the front of her minivan into the rear end of a pickup truck operated by Richard C. Barto ("appellant husband"). The parties agree that the impact to the vehicles resulting from the collision was minor.

Appellants filed suit in the Columbiana County Court of Common Pleas. Diane Barto ("appellant wife"), who had been a front-seat passenger in the pickup truck, sought reimbursement for medical expenses totaling more than $7,000 and compensation for pain and suffering, lost earning capacity, and possible future treatment of her injuries. Appellant husband also brought a claim for loss of consortium.

At trial, appellee admitted negligence. Therefore, the jury was empaneled to determine whether appellee's negligence proximately caused appellant wife's injury and, if so, the amount of compensatory damages to which appellants were entitled.

Appellant wife had a history of neck, shoulder, and arm pain that predated the August 15, 1996 accident. Appellant wife had been injured in another automobile accident in 1984. During a visit to chiropractor Dr. Terry Coulter in 1994, appellant wife was still attributing her pain to the 1984 accident, describing its severity as an "8 out of 10" in a self-reporting medical form.

Five days after the August 15, 1996 accident, appellant wife returned to her chiropractor, complaining of neck and shoulder pain, headaches, and numbness in her left arm. X-rays showed that she was suffering from a degenerative condition in her neck. She continued treating with Dr. Coulter until December 1996.

In December 1996, appellant wife voiced similar complaints to her internist, Dr. Eugene Tareshawty. Dr. Tareshawty's attempts to treat appellant wife's condition with courses of physical therapy and medication proved unsuccessful. In June 1999, after an electromyography ("EMG") study, a magnetic resonance imaging ("MRI"), and an array of other neurological tests, Dr. Tareshawty referred appellant wife to Dr. Brian Brocker, a neurosurgeon, to explore future treatment options. Dr. Brocker concluded that appellant wife had been suffering from a pinched nerve in her cervical vertebra caused by a narrowing of the foramen.

At trial, appellant wife testified that the pain she suffered after the August 15, 1995 accident was "constant and more severe" than that which she had suffered beforehand.

Although a unanimous jury entered judgments in favor of both appellants, it awarded the sum of $3,000 to appellant wife for medical expenses and nothing for appellant husband's loss-of-consortium claim. The trial court denied appellants' motions for a new trial and judgment notwithstanding the verdict (JNOV).

Appellants now appeal to this court raising the following assignments of error:

"The trial court erred in failing to grant the plaintiffs a motion for new trial.

"The trial court erred in failing to grant the plaintiffs a judgment notwithstanding the verdict."

Appellants argue that the trial court should have granted their motion for new trial under Civ.R. 59(A)(4) and (6). Appellants further or alternatively maintain that the trial court erred when it denied their motion JNOV.

This court reviews the trial court's denial of a motion requesting a new trial for an abuse of discretion. Reversal of any ruling under such a deferential standard requires the reviewing court to find that it was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Tracy v.*

*Merrell–Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875.

Appellants' challenge to the trial court's denial of their motion for JNOV faces an equally onerous standard of review, as the standard for granting a directed verdict set out in Civ.R. 50 also applies to a motion for JNOV. *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 344 N.E.2d 334. A motion for JNOV tests the legal sufficiency of the evidence and presents a question of law. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph three of syllabus.

On review, this court must assume the truth of the nonmoving party's evidence as found in the record, grant the evidence its most favorable interpretation, and consider that every material fact which that evidence tends to prove as being established. *Posin, supra,* at 275, 74 O.O.2d 427, 344 N.E.2d 334. Further, neither the weight of the evidence nor the credibility of witnesses is to be considered during this analysis. Civ.R. 50(B); *Posin, supra,* at 275, 74 O.O.2d 427, 344 N.E.2d 334.

Appellants complain that although they prevailed in the trial court, the jury's failure to award appellant husband anything and their award of only $3,000 to appellant wife is inadequate. According to appellants, the small sum awarded to appellant wife cannot be reconciled with the $7,000 in medical bills they presented at trial, nor can it be reconciled with what they characterize as the unchallenged evidence presented at trial. Appellants also argue that since the award of $3,000 was less than one-half of the medical expenses submitted at trial, it is clear that the jury overlooked appellant wife's claims of pain and suffering.

Under Civ.R. 59(A)(4), a trial court may order a new trial where it concludes that the damage award is excessive or inadequate. Any review of the trial court's refusal to grant a motion for a new trial must address (1) the amount of the verdict and (2) whether the jury arrived at the award based on improper evidence, improper counsel, or whether the jury was influenced by other inappropriate conduct. *Pena v. Northeast Ohio Emergency Affiliates, Inc.* (1995), 108 Ohio App.3d 96, 104, 670 N.E.2d 268.

The court may also grant a new trial where the judgment is not sustained by the weight of the evidence. Civ.R. 59(A)(6). However, a new trial is not mandated under Civ.R. 59(A)(6) unless the reviewing court concludes that the jury award was not supported by substantial, competent, and credible evidence. *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 107–108, 10 OBR 129, 460 N.E.2d 701.

In Ohio, it is well established that the assessment of damages is within the province of the jury and that a reviewing court is not free to disturb the jury's award absent a finding of passion and prejudice or a conclusion that the award is manifestly out of line. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 655, 635 N.E.2d 331. To support a finding of passion and prejudice, the record must demonstrate that the jury's assessment of the damages was so overwhelmingly disproportionate that it shocks the sensibilities of reasonable people. *Pena, supra,* at 104, 670 N.E.2d 268. The mere size of the verdict is insufficient to establish proof of passion or prejudice. *Id.*

Beyond the relative dearth of the award itself, the record is lacking in support for appellants' assertion that the jury arrived at its damage award based on passion or prejudice. According to the record, this was a comparatively minor crash. The damage to the vehicles involved was minimal and no one complained of injury at the scene. Appellant wife did not seek medical attention until five days after the accident. Moreover, of the four people riding in appellants' pickup truck at the time of the accident (appellants' two children were also in the vehicle), appellant wife was the only one to report injury.

The jury's reduced award could also have been grounded on other factors. For instance, the record is clear that appellant wife had suffered similar problems for many years before the August 15, 1996 accident. The symptoms for which appellant wife sought treatment after the accident were virtually identical to those Dr. Coulter, her chiropractor, had addressed in 1994. Documents introduced at trial indicated that appellant wife herself had characterized her condition as chronic well before the accident before this court. This evidence may have convinced the jury that appellant wife's injuries were largely the result of a preexisting medical condition.

The fact that appellant wife suffered from a preexisting condition was corroborated by her own treating physicians. Dr. Brian Brocker, a board-certified neurosurgeon, testified that her condition was of "slow onset" and that "all the degenerative changes and foraminal narrowing did not happen on the day of the injury." Further, on cross-examination, this witness conceded that the pinched nerve in appellant wife's neck resulting from a narrowed foraminal opening was a result of "the aging process and not because of the [August 15, 1996] accident."

Even Dr. Tareshawty, the internist who originally referred appellant wife to the neurosurgeon for further consultation, testified that her condition had preexisted the August 15, 1996 car accident. Accordingly, although appellant wife testified that she had experienced "no pain worth seeking medical attention for between 1994 and 1996," the jury heard evidence rebutting that claim.

Appellants urge this court to reverse the trial court in light of our decisions in *Proctor v. Smith* (Mar. 27, 1987), Columbiana App. No. 85–C–53, unreported,

1987 WL 9355, and *Norris v. Barker* (June 6, 1990), Monroe App. No. 673, unreported, 1990 WL 75298. In those cases, this court concluded that new trials were warranted under Civ.R. 59(A) because the damages awarded were irreconcilable with the evidence introduced at trial. In *Proctor,* this court ordered a new trial where the jury awarded one of the plaintiffs $1,828.31 and the other $244.56, but the record showed that there had been medical expenses totaling in excess of $26,000. *Id.* at 2.

Similarly, in *Norris,* the jury returned a verdict in favor of the plaintiffs for $500 where the uncontroverted medical expenses were $830.05. *Id.* at 1. This court held that a new trial was necessary, observing that "[w]here it is apparent that the jury failed to include all the items of damage making up plaintiffs' claim, the judgment entered on such verdict may be set aside by a reviewing court as being manifestly against the weight of the evidence and contrary to law." *Id.,* citing *Toledo Ry. & Light Co. v. Mason* (1910), 81 Ohio St. 463, 467, 91 N.E. 292.

The instant case is analogous only to the factual scenarios in *Proctor* and *Norris* to the extent that the damages awarded in the cases were all disparate to the medical expenses the respective plaintiffs involved claimed to have incurred. Unlike the instant case, however, the plaintiffs in *Proctor* and *Norris* introduced unequivocal proof that all of the medical expenses they incurred were the direct and proximate result of the accident that was the subject of the dispute. In the case at bar, there was substantial evidence that another accident and/or a preexisting condition caused or contributed to the injury for which appellant wife had sought compensation.

The facts in this case are more comparable to those presented in *Wright v. Kurth* (Mar. 22, 2000), Belmont App. No. 97–BA–39, unreported, 2000 WL 310411. In *Wright,* as in the instant case, the plaintiff sought to recover medical expenses incurred after he suffered injury when his vehicle collided with the defendant's on a highway exit ramp. The plaintiff's medical bills amounted to $13,522.39 at the time of trial. *Id.* at 1. As in the present case, plaintiff's doctors admitted that he had suffered substantially similar injuries from incidents that preceded the subject accident. *Id.* at 3. The jury awarded the plaintiff $416.50, the cost of the treatment he received in the hospital emergency room.

Refusing to "invade the province of the jury" by disturbing its award, this court affirmed the trial court's denial of plaintiff's motion for a new trial. Like the evidence in the instant case, the jury in *Wright* had before it competent and credible evidence to justify a conclusion that the plaintiff's current injuries and medical treatment he received long after the accident occurred were not incurred as a direct result of the accident itself. *Id.;* accord *Schoonover v. Bowen* (Jan. 9, 1997), Monroe App. No. 764, unreported, 1997 WL 12020.

There was ample competent and credible evidence to support the jury's verdict and the damages it chose to award. The trial court did not err when it denied appellants' motions for a new trial and for JNOV. As the record lacks any basis for disturbing those decisions, the trial court's judgment is hereby affirmed.

*Judgment affirmed.*

VUKOVICH, P.J., and DeGENARO, J., concur.