LONGO et al., Appellees,

v.

NATIONWIDE INSURANCE COMPANY, Appellant.

[Cite as *Longo v. Nationwide Ins. Co.*, 165 Ohio App.3d 371, 2006-Ohio-750.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 05–BE–14.

Decided Feb. 17, 2006.

**372**

Lancione & Lloyd Law Office Co., L.P.A., and Richard L. Lancione, for appellees.

John T. DeFazio, for appellant.

DONOFRIO, Judge.

{¶ 1} Defendant-appellant, Nationwide Insurance Company, appeals from a Belmont County Common Pleas Court decision granting a motion for a new trial in favor of plaintiffs-appellees, Mark and Margaret Longo.

{¶ 2} Margaret was involved in a motor vehicle accident on August 16, 1997. The tortfeasor and her insurance company settled with appellees for the policy limits of $62,500 with appellant's consent. Appellant is appellees' underinsured-motorist ("UIM") insurance provider.

{¶ 3} Appellees filed a complaint against appellant for UIM coverage. They alleged that the amount of coverage from the tortfeasor was not enough to cover their damages resulting from the accident.

{¶ 4} The case proceeded to a jury trial. The jury returned a verdict for appellant. Appellees subsequently filed a motion for a new trial, arguing that the jury's verdict was against the manifest weight of the evidence. The court held a hearing on appellees' motion. It subsequently entered a judgment simply stating that the motion for a new trial was sustained.

{¶ 5} Appellant filed a timely notice of appeal on March 18, 2005. Because the trial court had failed to specify the reason for granting a new trial, this court remanded the case for the trial court to enter a new judgment entry stating its reasons. The trial court subsequently entered a judgment stating that the verdict was not sustained by sufficient evidence, that manifest injustice was done

to appellees, and that the jury's damage verdict was inadequate and appeared to have been given under the influence of passion or prejudice.

{¶ 6} Appellant now raises two assignments of error. For ease of discussion, we will address appellant's second assignment of error first. It states:

{¶ 7} "The trial court erred and abused its discretion in granting a new trial under Civ[.] R. 59(A)(6) because there was sufficient credible evidence to support the jury's verdict."

{¶ 8} Here, appellant first argues that the trial court's judgment entry does not properly state the grounds on which the motion for new trial was granted. It asserts that merely stating that the jury's verdict is against the manifest weight of the evidence is not a specific enough reason for granting a new trial.

{¶ 9} Civ.R. 59(A)(6) provides, "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * [t]he judgment is not sustained by the weight of the evidence." Civ.R. 59(A) continues, "When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."

{¶ 10} Because the trial court initially failed to specify the reason for granting a new trial, this court remanded the case for the trial court to enter a new judgment entry stating its reasons. The trial court then entered a judgment, stating in full:

{¶ 11} "Based upon the courts [sic] own observation of the evidence as presented by counsel at the trial, and taking into consideration the briefs and the arguments of counsel at the hearing on the motion for a new trial, the court feels that the verdict of the jury is not sustained by sufficient evidence, and that manifest injustice has been done to the plaintiffs. Therefore, this court grants plaintiffs' motion for a new trial, based upon Ohio Civil Rule 59(A)(6), that is, that the verdict of the jury is against the manifest weight of the evidence and based upon Ohio Civil 59(A)(4), that the jury's damage verdict was inadequate and appears to have been given under the influence of passion or prejudice."

{¶ 12} A trial court's decision granting or denying a new trial is reviewed for abuse of discretion. *Koch v. Rist* (2000), 89 Ohio St.3d 250, 251, 730 N.E.2d 963. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 13} Appellant argues that the trial court's judgment entry is insufficient for the reasons set out in *Antal v. Olde Worlde Prods., Inc.* (1984), 9 Ohio St.3d 144,

9 OBR 392, 459 N.E.2d 223. In *Antal*, the Ohio Supreme Court held: "When granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." Id. at the syllabus.

{¶ 14} In that case, the trial court's order granting a new trial stated:

{¶ 15} " 'Having reviewed the charges of error contained in * * * [appellees'] motion, having considered the arguments of counsel of the parties and being duly advised, the Court finds that the jury's verdict awarding compensatory damages to each of the * * * [appellants] is not sustained by the weight of the evidence. Accordingly, it will not be necessary for the Court to pass on the other claimed errors and it is ORDERED the * * * [appellees'] motion for a new trial be and hereby is granted.' "

{¶ 16} The Supreme Court held that this was insufficient. It reversed the court of appeals' judgment and remanded the matter to the trial court so it could reconsider the motion for a new trial. In doing so, it reasoned that meaningful appellate review is impossible when the trial court grants a new trial and fails to specify the reasons beyond a conclusory statement that the verdict is not sustained by the weight of the evidence. Id. at 145–46, 9 OBR 392, 459 N.E.2d 223. Noting that the standard of review in these cases is abuse of discretion, the court observed:

{¶ 17} "Were a trial court to be permitted the freedom to disregard a jury's verdict by simply invoking the apothegm that the verdict 'is not sustained by the weight of the evidence,' the jury trial itself could become a futile prelude. Furthermore, without some articulated basis for granting a new trial, the trial court's decision is virtually insulated from meaningful appellate review. As previously stated, an appellate tribunal will not reverse the trial court's ruling absent an abuse of discretion. However, when the trial court offers no reasons for its decision, the court of appeals practically must defer to the trial court's conclusion that the verdict was against the weight of the evidence. * * * Given the recognized importance of the trial court's input when reviewing whether a verdict is supported by the evidence, we feel it is all the more crucial to require that the trial court so state the basis for its decision." Id. at 146–47, 9 OBR 392, 459 N.E.2d 223.

{¶ 18} Finally, the court stated:

{¶ 19} "The question remains as to how specific must a trial court be when granting a new trial on the ground that the verdict is against the weight of the evidence. The record of the case at bar reveals that the trial court articulated no reasons whatsoever, other than stating generally that the jury's verdict was not

'sustained by the weight of the evidence.' While the determination of whether a trial court's statement of reasons is sufficient should be left to a case-by-case analysis, we can say with a reasonable degree of certainty that such reasons will be deemed insufficient if simply couched in the form of conclusions or statements of ultimate fact." Id. at 147, 9 OBR 392, 459 N.E.2d 223.

{¶ 20} The court revisited the issue and reaffirmed *Antal* in *Mannion v. Sandel* (2001), 91 Ohio St.3d 318, 744 N.E.2d 759. In *Mannion*, the court found that a judgment entry granting a new trial in favor of the plaintiffs was specific enough when it stated that both experts had " 'testified that by failing to remove the polyurethane foam coating of Plaintiff's left breast implant upon removal of the implant, the Defendant violated the standard of care as it existed at the time.' " Id. at 322, 744 N.E.2d 759. The court found that this language could not be construed as simply being couched in the form of conclusions of ultimate fact. Id. It then reiterated that it could not set a hard-and-fast rule as to the sufficiency of the grounds specified by a trial court in support of the determination that a new trial is warranted and noted that the determination was to be made on a case-by-case basis. Id.

{¶ 21} Under *Antal* and *Mannion*, the trial court's judgment granting appellees a new trial is not specific enough to grant a new trial based on the weight of the evidence. The trial court merely concluded that based on its observations at trial and the parties' arguments, it felt that the verdict was not sustained by sufficient evidence and that manifest injustice had been done to appellees. It did not specify what evidence it relied on to reach this conclusion. In fact, it did not mention any specific evidence whatsoever in its entry. Its statement is merely conclusory.

{¶ 22} In *Scibelli v. Pannunzio*, 7th Dist. No. 02–CA–175, 2003-Ohio-3488, 2003 WL 21505068, this court addressed the issue. Relying on *Antal*, we noted that when the trial court's judgment entry cannot provide meaningful review, the case must be reversed and remanded to the trial court to reconsider its order and/or to state reasons for that decision. Id. at ¶ 9. We observed that the judgment entry in that case did not comply with *Antal*, because it merely concluded that the " 'jury's verdict did create an injustice because the verdict was against the weight of the evidence.' " Id. at ¶ 10. However, we did not remand the case to the trial court for two reasons.

{¶ 23} First, we noted that the appellant did not properly raise the issue of the sufficiency of the judgment entry because his first mention of it was in his reply brief, which is not the proper place to raise a new issue for appellate review. Id. at ¶ 11. We further noted that we would not raise the issue sua sponte. Id. Thus, we concluded that the issue was not properly before the court.

{¶ 24} Second, we concluded that the record in that specific situation provided uncontroverted testimony that the appellant was the proximate cause of some injury to the appellee. Id. at ¶ 12. Additionally, the appellant had already admitted that he had breached his duty to the appellee. Id. We noted that if the record is clear enough to provide a meaningful review, a remand is not necessary. Id. On this issue we concluded:

{¶ 25} "Therefore, despite the insufficient journal entry, we are not reversing and remanding for more detailed findings. However, we caution the trial court that an absence of sufficiently detailed findings when holding that the jury's verdict is against the weight of the evidence will generally necessitate a reversal and remand to cure the defect. However, in this factually specific situation, i.e. the failure to properly raise the inadequacy of the journal entry, the admission of negligence, and the uncontroverted testimony that the delay proximately caused some damage, there is a sufficient factual basis in the record for this court to review the trial court's decision." Id. at ¶ 17.

{¶ 26} This case is distinguishable from *Scibelli*. Here, appellant properly raised the issue of the sufficiency of the trial court's judgment entry. And the main issue focused on damages. Additionally, in *Scibelli*, the record was very clear as to why the trial court granted the appellee a new trial. Such is not the case here. Furthermore, in their motion, appellees raised several issues regarding different witnesses and their given testimony. We are left only with speculation as to what evidence specifically the court relied on in granting a new trial. Therefore, we have no way of reviewing whether the trial court abused its discretion in granting appellees a new trial. Thus, the trial court erred in granting appellees' motion for a new trial based on the weight of the evidence. Accordingly, appellant's second assignment of error has merit.

{¶ 27} If this were the only basis for the trial court's decision, our analysis would stop here. However, the trial court gave another reason in its judgment entry for granting appellees a new trial. In addition to Civ.R. 59(A)(6), the trial court also relied on Civ.R. 59(A)(4). This leads us to appellant's first assignment of error, which states:

{¶ 28} "The trial court erred and abused its discretion in granting plaintiffs' motion for new trial under Civ. R. 59(A)(4) because there was no showing the jury's verdict was inadequate and due to passion or prejudice resulting from improperly admitted evidence, improper argument of counsel or other inappropriate conduct."

{¶ 29} Appellant argues that appellees failed to offer any argument that the jury was swayed by passion or prejudice. Instead, it contends that appellees merely argued that the six female jurors did not like Margaret and, therefore, did

not consider the evidence. It contends that neither appellees nor the trial court was able to rely on Civ.R. 59(A)(4). And appellant again asserts that the court abused its discretion because it gave no justification in its judgment entry for supporting its finding of passion or prejudice. Thus, appellant concludes that the trial court abused its discretion by granting a new trial based solely on the size of the verdict.

{¶ 30} In reply, appellees assert that the evidence at trial demonstrated that their medical bills totaled over $40,000 and that Margaret would suffer pain and disability for the rest of her life. They contend that the jury's verdict finding that they were not entitled to anything beyond the $62,500 they had already received from the tortfeasor was clearly inadequate. They further contend that the court's judgment entry was sufficient to support its decision.

{¶ 31} Additionally, appellees argue that the court's finding of passion or prejudice resulted from two instances. First, they claim that it was prejudicial for the court to allow the jury to hear that appellees had already been compensated $62,500 while not allowing the jury to hear that under the UIM policy with appellant, $300,000 in coverage was available. Second, appellees argue that they were prejudiced when appellant's counsel asked the jurors whether they thought insurance premiums were too high. They contend that this question led the jurors to think that they could help keep premiums down by keeping the verdict low.

{¶ 32} Civ.R. 59(A)(4) provides that the court may grant a new trial on the grounds of "[e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice." As is the case with Civ.R. 59(A)(6), the court granting a new trial "shall specify in writing the grounds upon which such new trial is granted." Civ.R. 59(A).

{¶ 33} Again, the trial court abused it discretion in granting appellees a new trial without providing any specific reasons. While the Ohio Supreme Court of Ohio addressed only new trials granted on the basis of weight of evidence in *Antal* and *Mannion,* its reasoning applies to new trials granted on the basis of excessive or inadequate damages given under the influence of passion or prejudice, too. Civ.R. 59(A) lists nine reasons for granting a new trial and also gives the trial court discretion to grant a new trial for good cause shown. It then states that when the court grants a new trial, it shall specify in writing the grounds on which the new trial is granted. Thus, this requirement applies to all grounds on which a new trial may be granted, not just when it is granted based on the weight of the evidence. Consequently, it is reasonable that the same amount of specificity is required of the trial court no matter which ground it based its decision on in granting a new trial. And at least one other district has applied this rationale to new trials granted on the basis of Civ.R. 59(A)(4). See

*Gedetsis v. Anthony Allega Cement Contrs., Inc.* (Sept. 23, 1993), 8th Dist. No. 64954, 1993 WL 379351; *Powell v. Schiffauer* (Feb. 2, 1989), 8th Dist. No. 54930, 1989 WL 7941.

{¶ 34} Furthermore, appellees never even asserted that they should be granted a new trial based on Civ.R. 59(A)(4). In their motion for a new trial, appellees stated, "Plaintiffs hereby move this court to grant a new trial, pursuant to Ohio Civil Rule 59(A)(6)." Their supporting argument focused on the evidence presented at trial and the weight that they felt the jury should have given to that evidence. In their reply to appellant's brief in opposition, appellees again did not raise Civ.R. 59(A)(4) as a basis for a new trial. And at the hearing on their motion, appellees' counsel again reiterated that the motion was based on weight of the evidence and contended that the women jurors ignored the evidence because they did not like Margaret. Appellees' brief is the first place we find any mention by appellees of passion or prejudice based on the jury's hearing that appellees had already been compensated $62,500 and appellant's counsel asking the jurors whether they thought insurance premiums were too high.

{¶ 35} Therefore, we cannot discern what the trial court based its decision on when it found that the jury's verdict was inadequate and appeared to be given under the influence of passion or prejudice. This issue was not even before the court because appellees had not raised it. Accordingly, appellant's first assignment of error has merit.

{¶ 36} For the reasons stated above, the trial court's judgment is hereby reversed and remanded. On remand, the trial court is to reconsider its decision granting a new trial and, if it reaches the same conclusion, it is to sufficiently detail its findings for granting a new trial by following the requirements set out in *Antal*.

Judgment reversed
and cause remanded.

WAITE and DeGENARO, JJ., concur.