OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Nationwide Insurance Company, appeals the decision of the Belmont County Court of Common Pleas, that granted the motion for a new trial filed by Plaintiffs-Appellees, Mark and Margaret Longo, because the "jury's verdict was not substantiated by the manifest weight of the evidence and that the assessment of damages was inadequate and appears to have been given under the influence of passion, prejudice, or plain error." Nationwide challenges each of the reasons the trial court gave in favor of its judgment.
 {¶ 2} Nationwide is correct in regard to the trial court's conclusion that the jury's verdict appears to have been given under the influence of passion, prejudice, or plain error. A trial court which is granting a new trial under Civ.R. 59(A)(4) must state a sufficient basis for its conclusion that a verdict appears to have been given under the influence of passion, prejudice, or plain error and the trial court in this case did not offer any reasons in support of this finding. Nevertheless, its decision will be affirmed since it did not abuse its discretion when granting a new trial under Civ.R. 59(A)(6). The trial court was in the best position to judge whether the jury's verdict was against the manifest weight of the evidence and we cannot conclude that its decision was unreasonable, unconscionable, or arbitrary.
 {¶ 3} Accordingly, the trial court's decision granting a new trial is affirmed.
 Facts {¶ 4} On August 16, 1997, Mrs. Longo was injured in an automobile accident. As a result of the accident, she received $62,500.00 from two insurance companies representing the tortfeasor, which were the limits of the coverage under the policies with those companies. On March 25, 2002, the Longos filed a complaint against their insurance company, Nationwide, seeking underinsured motorist benefits, and Nationwide responded, arguing that the Longos had been fully compensated for their injuries by the settlements they had already received. The matter proceeded to a jury trial in October *Page 3 
2004, at the conclusion of which the jury entered a verdict for Nationwide.
 {¶ 5} The Longos filed a timely motion for a new trial, arguing that the jury's verdict was not sustained by the weight of the evidence. After a hearing, the trial court granted the Longos' motion. Nationwide appealed that judgment and this court reversed the trial court's judgment in a case styled, Longo v. Nationwide Ins. Co., 7th Dist. No. 05 BE 14, 2006-Ohio-0750 (Longo I), because it had not articulated the reasons for granting the motion in sufficient detail to facilitate appellate review. On remand, the trial court again granted the Longos' motion. In its judgment entry, the trial court described the testimony and concluded that the "jury's verdict was not substantiated by the manifest weight of the evidence and that the assessment of damages was inadequate and appears to have been given under the influence of passion, prejudice, or plain error."
 {¶ 6} In each of its two assignments of error, Nationwide argues that the trial court erred when granting the Longos' motion for a new trial. "A trial court is afforded wide discretion when ruling on a Civ.R. 59 motion for a new trial and will be reversed only upon a showing that the trial court abused that discretion." Allied Erecting Dismantling Co.,Inc. v. Youngstown, 151 Ohio App.3d 16, 2002-Ohio-5179, at ¶ 61, citingRohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The discretionary power to grant a new trial should be only exercised in exceptional cases. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-0052.
 Civ.R. 59(A)(4) {¶ 7} In its first assignment of error, Nationwide argues:
 {¶ 8} "The trial court erred and abused its discretion in granting Plaintiffs' motion for a new trial under Civ.R. 59(A)(4) because there was no evidence the jury's verdict was given under passion or prejudice resulting from improperly admitted evidence, improper argument of counsel or other inappropriate conduct."
 {¶ 9} Civ.R. 59(A)(4) allows a trial court to grant a new trial if it concludes that the jury granted "[e]xcessive or inadequate damages, [which] appear to have been given *Page 4 
under the influence of passion or prejudice." In this case, the Longos neither asserted that they should be granted a new trial on the basis of passion or prejudice in their motion for a new trial nor at the hearing on that motion. Longo I at ¶ 34. Instead, their arguments focused solely on whether the jury's verdict was against the manifest weight of the evidence pursuant to Civ.R. 59(A)(6). Id. Nevertheless, the trial court concluded that it should grant the motion for a new trial under Civ.R. 59(A)(4).
 {¶ 10} A trial court may grant a motion for a new trial for a reason not stated in the party's motion as long as the trial court gives the parties notice and an opportunity to be heard on the matter. Civ.R. 59(D). Nationwide does not argue that the trial court failed to notify the parties that it was considering granting the motion under Civ.R. 59(A)(4) or that it did not have an opportunity to be heard on this issue. Instead, it contends that the trial court has failed to explain why it believes the jury's award was given under the influence of passion or prejudice.
 {¶ 11} Courts must be circumspect when "attributing passion or prejudice to a jury's determination of damages, a matter peculiarly in their province." Kluss v. Alcan Aluminum Corp. (1995),106 Ohio App.3d 528, 539. They normally cannot conclude that a verdict is the result of passion or prejudice unless "the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities."Pena v. Northeast Ohio Emergency Affiliates (1995), 108 Ohio App.3d 96,104.
 {¶ 12} A party cannot show passion or prejudice merely by pointing to the size of the verdict. Sindel v. Toledo Edison Co. (1993),87 Ohio App.3d 525, 532. Rather, [t]here must be something in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 65. Courts must consider many factors when determining whether a jury's verdict is the result of passion or prejudice, including "the excessive nature of the verdict, consideration by the jury of incompetent evidence, improper argument by counsel, or other improper conduct which can be said to have influenced the jury." Fields v.Dailey (1990), 68 Ohio App.3d 33, 39.
 {¶ 13} In Longo I, we concluded that the trial court abused its discretion when *Page 5 
granting a new trial on this basis because it did not provide "specific reasons" for doing so. When reaching this conclusion, we relied onAntal v. Olde Worlde Products, Inc. (1984), 9 Ohio St.3d 144, syllabus, which held that a trial court "must articulate the reasons [for granting a new trial] in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." Nationwide argues that the trial court's most recent entry is similarly flawed, but contends that we should reinstate the jury's verdict rather than remanding the case for a second time.
 {¶ 14} The original judgment entry in this case stated the following:
 {¶ 15} "Based upon the courts [sic] own observation of the evidence as presented by counsel at the trial, and taking into consideration the briefs and the arguments of counsel at the hearing on the motion for a new trial, the court feels that the verdict of the jury is not sustained by sufficient evidence, and that manifest injustice has been done to the plaintiffs. Therefore, this court grants plaintiffs' motion for a new trial, based upon Ohio Civil Rule 59(A)(6), that is, that the verdict of the jury is against the manifest weight of the evidence and based upon Ohio Civil 59(A)(4), that the jury's damage verdict was inadequate and appears to have been given under the influence of passion or prejudice."Longo I at ¶ 11.
 {¶ 16} The trial court's most recent entry contains much more. It summarizes the witnesses' testimony, analyzes the persuasiveness of that testimony, and states both which facts were uncontroverted and which were not. It then concluded "that the jury's decision was not substantiated by the manifest weight of the evidence and that the assessment of damages was inadequate and appears to have been given under the influence of passion, prejudice, or plain error." But while this entry is more detailed than the trial court's first entry, it completely fails to articulate any reason for believing the jury's verdict was the result of passion or prejudice. The only way we could review its decision would be to read through the record to guess what evidence or action the trial court could have believed wrongfully inflamed the sensibilities of the jury. It is precisely this kind of guesswork which the Ohio Supreme Court prohibited in Antal.
 {¶ 17} In this case, the trial court has again failed to give specific reasons *Page 6 
supporting its conclusion that the jury's verdict was influenced by passion or prejudice and Nationwide's first assignment of error is meritorious.
 {¶ 18} Nevertheless, this conclusion does not mandate a reversal. The trial court granted a new trial for two reasons, Civ.R. 59(A)(4) and (A)(6). As will be explained below, the trial court did not abuse its discretion when granting a new trial under Civ.R. 59(A)(6), so its error under Civ.R. 59(A)(4) does not prejudice Nationwide.
 Civ.R. 59(A)(6) {¶ 19} In its second assignment of error, Nationwide argues:
 {¶ 20} "The trial court erred and abused its discretion in granting a new trial under Civ.R. 59(A)(6) because there was sufficient credible evidence to support the jury's verdict."
 {¶ 21} Civ.R. 59(A)(6) allows a trial court to grant a new trial if "[t]he judgment is not sustained by the weight of the evidence." When ruling on a motion for a new trial under Civ.R. 59(A)(6), the trial court must "weigh the evidence and pass on the credibility of the witnesses; not in the substantially unlimited sense that such weight and credibility is passed on originally by the jury, but in the more restricted sense of whether it appears to the trial court that a manifest injustice has been done, and that the verdict is against the manifest weight of the evidence." Rohde at paragraph three of the syllabus. "[T]he trial court's role when determining whether a jury's verdict is against the manifest weight of the evidence is to ensure, in its supervisory capacity, against a miscarriage of justice." Bobb ForestProducts, Inc. v. Morbark Industries, Inc., 151 Ohio App.3d 63,2002-Ohio-5370, at ¶ 65.
 {¶ 22} A trial court may not order a new trial based simply on a difference of opinion between it and the jury. See Verbon v.Pennese (1982), 7 Ohio App.3d 182, 183; Poske v. Mergl (1959),169 Ohio St. 70, 73-74. The trial court's job is not to judge the credibility of the evidence, but to judge whether the evidence has a "semblance of credibility." Verbon at 183.
 {¶ 23} Since the trial court has "seen and heard the witnesses" and experienced "the surrounding circumstances and atmosphere of the trial," an "appellate court should *Page 7 
view the evidence favorably to the trial court's action rather than to the original jury's verdict" when reviewing a trial court's decision to grant a new trial based on Civ.R. 59(A)(6). Rohde at 94. Generally, the trial court's decision on a motion for a new trial must be affirmed upon appeal unless it was clearly wrong and without legal basis. Dawson v.MetroHealth Ctr. (1995), 104 Ohio App.3d 654, 656.
 {¶ 24} The evidence in this case shows that Margaret was injured in a rear-end collision. After the accident, she called her primary care physician, Dr. Robert Lobby, who was also her brother-in-law, at his home to tell him of her complaints. A few days later, she visited his office, complaining of neck and upper back pain. Records from Dr. Lobby's offices do not show that Margaret complained of lower back pain until almost two and one-half years after the accident. Nevertheless, Dr. Lobby testified that Margaret sought his advice for this pain on an informal basis as a family member. Eventually, Dr. Lobby sent Margaret to see a specialist who performed surgery to relieve the pressure on the nerves in Margaret's back. After this surgery, Margaret's symptoms improved, but her back pain never went away entirely.
 {¶ 25} At trial, one of the main issues was whether Margaret's lower back pain was caused by the accident or by pre-existing conditions. For instance, Margaret had some spinal degeneration that was not caused by the accident and a herniated disk that was probably not caused by the accident. Three doctors, Dr. Lobby, Dr. Joseph Maroon, the neurosurgeon who performed the surgery on Margaret's back, and Dr. Robert Thompson, a neurologist who examined Margaret, all testified that the accident either caused her pain or exaggerated pre-existing conditions, which caused her pain. One doctor, Dr. Francis Ferraro, testified that he could not say with a reasonable degree of medical certainty that the accident caused Margaret's pain. However, he also testified that his opinion was based solely on the medical records and that it could change if Margaret had been consistently complaining of back pain since the accident. The evidence demonstrated that Margaret was likely to experience lower back pain for the foreseeable future. The Longos' medical bills related to the accident and the subsequent lower back pain amounted to over $40,000.00. *Page 8 
 {¶ 26} Nationwide contends that this evidence is similar to two cases recently decided by this court and, therefore, that this case should reach the same outcome. However, the cases Nationwide relies upon,Barto v. McKinley, 146 Ohio App.3d 121, 2001-Ohio-3394, and Wright v.Kurth (Mar. 22, 2000), 7th Dist. No. 97-BA-39, are distinguishable. In each of those cases the trial court denied motions for new trials and this court affirmed that decision. In this case, the trial court granted a new trial. Since this court must view the evidence favorably to the trial court's action rather than to the original jury's verdict,Rohde at 94, this distinguishing fact makes those cases inapplicable to this case.
 {¶ 27} In this case, the tortfeasor's insurers had reached a settlement. The jury was then asked to determine whether the Longos were entitled to more than this amount, not whether the Longos were entitled to any damages at all.
 {¶ 28} In this case, Margaret's back was injured in the accident. The medical experts generally agreed that there was degeneration in Margaret's spine which was unrelated to the accident and were unable to say with medical certainty whether Margaret's herniated disk was the result of the accident. Longos' experts agreed that her present pain was a result of the accident and the defense experts could not rule it out as a possible source of the pain. Accordingly, the evidence clearly supports the conclusion that Margaret should receive some compensation for her injuries.
 {¶ 29} The medical bills in the case amounted to over $40,000.00. This means the jury's verdict for the defense compensated the Longos' just over $20,000.00 for the pain, injury to their lifestyle, and loss of consortium. The trial court was present at the trial, saw the witnesses, and has a much better idea than we can ever have regarding whether this amount was clearly insufficient to compensate the Longos for their injuries. For these reasons, we cannot conclude that the trial court abused its discretion when it granted the Longos' motion for a new trial. Nationwide's second assignment of error is meritless.
 Conclusion {¶ 30} In this case, the trial court did not provide a sufficient basis upon which to review its decision to grant a new trial based on Civ.R. 59(A)(4) since none of the facts in *Page 9 
its journal entry deal with how the jury's passions or prejudices could have been inflamed. Nevertheless, we affirm its decision to grant a new trial since it also based that decision on Civ.R. 59(A)(6). We cannot say the trial court abused its discretion when it concluded that the jury's award was insufficient to compensate the Longos for their injuries. Accordingly, the judgment of the trial court is affirmed.
 Donofrio, J., and Vukovich, J., concurs. *Page 1